**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH LAUFER, Individually, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:20-cv-05434-MSS |
| | ) | |
| ESA P PORTFOLIO, LLC, d/b/a | ) | |
| EXTENDED STAY AMERICA – | ) | |
| ROLLING MEADOWS, A Foreign Limited | ) | |
| Liability Company, | ) | |
| | ) | |
| Defendant. | | |

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**</u>
<u>**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**</u>

## I.      INTRODUCTION

Defendant ESA P Portfolio, L.L.C. d/b/a EXTENDED STAY AMERICA – ROLLING

MEADOWS ("**Defendant**") owns and/or operates Extended Stay America hotels nationwide.

Plaintiff Deborah Laufer ("**Plaintiff**") initiated this case against Defendant as one of over **400[1]**

**nearly identical ADA lawsuits** filed in Illinois, Maryland, New York and elsewhere.  Courts

have taken notice of Plaintiff filing these identical cases **despite lacking subject matter**

**jurisdiction and standing**.  Pertinent to this matter, Plaintiff is a resident of Florida and never

alleges that she visited the state of Illinois, the hotel in question *or* has any intent to do so.  Thus,

Plaintiff lacks the requisite concrete harm or risk of immediate future harm necessary to establish

standing.

To satisfy federal pleading requirements, Plaintiff must sufficiently allege facts which, if

proven true, state a claim upon which relief can be granted. Fed. R. Civ.P. 12(b)(6). Plaintiff has

---

[1] *See* Request for Judicial Notice ISO MTD, Exhibit 1.

not done so.  Accordingly, the Court should grant Defendant's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     BACKGROUND

On August 5, 2020, Plaintiff filed the instant Complaint against Defendant seeking injunctive relief and attorneys' fees for alleged violations of the Americans with Disabilities Act ("**ADA**").  Plaintiff is a **resident of Pasco County, Florida**.  Complaint at ¶ 1.  Plaintiff alleges that she uses an assistive device (such as a cane) to walk and decided to be a "tester" for purposes of ADA compliance.  Complaint at ¶ 2.  Plaintiff further alleges that she visited certain **third party websites** (not websites that Defendant owns or controls), such as expedia.com and hotels.com, "for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e)."  Complaint at ¶ 10.  Plaintiff found that such third party websites were lacking accessible information about the property in question located at 2400 Gold Road, Rolling Meadows, Illinois  60008 (the "**Subject Property**").  Complaint at ¶ 3, 10.  Plaintiff, therefore, seeks attorneys' fees, costs and injunctive relief.  Complaint at ¶ 19-20.  **Critically, Plaintiff never alleged in the Complaint that she visited the state of Illinois, the town of Rolling Meadows, the Subject Property or that she has any plans or intentions of visiting the Subject Property in Illinois.**  Furthermore, the Complaint does not allege that Plaintiff has any reason to travel anywhere in Illinois or any reason to seek lodging anywhere in or around Rolling Meadows.

## III.    LEGAL ARGUMENT

### A.     Courts Must *Sua Sponte* Assess Standing For Subject Matter Jurisdiction

"Article III of the Constitution limits the jurisdiction of the federal courts to actual cases or controversies." *UAW v. Johnson*, 674 F.2d 1195, 1198 (7th Cir. 1982). Accordingly, it is well-

2

settled that the party asserting federal jurisdiction must "carry the burden of establishing standing" as the proper party under Article III. *Hinrichs v. Speaker of the House of Representatives*, 506 F.3d 584, 590 (7th Cir. 2007); *see also Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012) ("Plaintiffs—as the party invoking federal jurisdiction—bear the burden to establish standing.").

Moreover, "it has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, to raise *sua sponte* the subject-matter jurisdiction of the court at any time and at any stage of the proceedings." *Craig v. Ont. Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (internal citations omitted). Indeed, "the court itself ha[s] a duty to ascertain the propriety of its jurisdiction" and "[i]f a federal court doubts its jurisdiction, it should address its concerns *sua sponte*." *Mader v. Motorola, Inc.*, 1999 U.S. App. LEXIS 7283, at *5 (7th Cir. Apr. 9, 1999); *see also Wellness Int'l Network, Ltd. v. Sharif*, 727 F.3d 751, 768 (7th Cir. 2013) ("[I]t is true that questions of subject-matter jurisdiction may be raised at any time, as parties cannot consent to subject-matter jurisdiction; indeed, such questions must be considered by a court sua sponte.").

**Standing Requires Concrete Harm Among Other Elements**

To establish standing a plaintiff must demonstrate (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) "a causal connection between the injury and the conduct complaint of," and (3) redressability of the injury by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–65 (1992). Where "a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

3

"For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'"  *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560 n.1).  **To be "concrete" an injury "must actually exist": the injury must be "real" and not "abstract."** *Id.*  **Generally, "even in the context of a statutory violation," "a bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement of Article III.**  *Id.* at 1549–50 (emphasis added - holding that the plaintiff could not satisfy the demands of Article III by simply alleging that consumer reporting agency disseminated information in violation of the Fair Credit Reporting Act of 1970: "[a] violation of" a "procedural requirement[] may result in no harm" and not all "inaccuracies cause harm or present any material risk of harm").  A "risk of real harm" may "satisfy the requirement of concreteness." *Id.* at 1549 (noting statutes where the violation of a procedural right would be sufficient because Congress identified harms sufficient to constitute injury in fact). Thus, "the critical question for standing purposes is whether the alleged violations "entail a degree of risk sufficient to meet the concreteness requirement.'" *Crabtree v. Experian Info. Sols., Inc.*, 948 F.3d 872, 877 (7th Cir. 2020) (quoting *Spokeo,* 136 S. Ct. at 1550).

**B.**     <u>**Injunctive Relief Requires Risk Of Immediate Injury**</u>

To have standing to seek injunctive relief Plaintiff "must show that [she is] under an actual or imminent threat of suffering a concrete and particularized injury in fact; that this injury is fairly traceable to the defendant's conduct; and that it is likely that a favorable judicial decision will prevent or redress the injury."  *Common Cause Ind. v. Lawson*, 937 F.3d 944, 949 (7th Cir. 2019) (quoting *Summers v. Earth Island Inst*., 129 S. Ct. 1142 (2009); *see also United Asset Coverage, Inc. v. Avaya Inc.,* 409 F. Supp. 2d 1008, 1041 (N.D. Ill. 2006) ("[A] plaintiff's

entitlement to preliminary injunctive relief requires it, in addition to showing that its harm is irreparable, to show that the harm is imminent as well.").

### C.    <u>Plaintiff Here Lacks Standing Because There Is No Concrete Harm</u>

Plaintiff is a resident of Florida.  Complaint at ¶ 1.  Defendant owns the Subject Property in Rolling Meadows, Illinois.  Complaint at ¶ 3.  There are no facts in the Complaint indicating that Plaintiff has ever traveled to Rolling Meadows, Illinois, or anywhere else in Illinois, or has any plans to do so in the future.

Plaintiff alleges that she is a "tester" for the ADA.  Complaint at ¶ 2.  However, her status as a "tester" is not sufficient to establish subject matter jurisdiction in this action.  *See Griffin v. Dep't of Labor Fed. Credit Union,* 912 F.3d 649, 656 (4th Cir. 2019) (holding that a plaintiff who was ineligible to be a member of a credit union failed to establish standing to bring an ADA claim concerning its website because tester status "cannot create standing in the absence of an otherwise plausible assertion that a return to the website would allow [the plaintiff] to avail himself of its services"); *see also Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 833 (7th Cir. 2019) ("[W]hile tester status does not defeat standing, it does not automatically confer it either. A tester must  still  satisfy  the  elements  of standing,  including  the  injury-in-fact requirement.") (internal citations omitted).

Multiple courts have taken notice of these types of spam style ADA lawsuits without the requisite standing.  Such courts have dismissed nearly identical cases or filed orders to show cause *sua sponte* regarding whether standing and subject matter jurisdiction exist.  For example, the court in *Laufer v. Laxmi & Sons, LLC,* 1:19-cv-01501-BKS-ML, 2020 U.S. Dist. LEXIS 79545 (N.D.N.Y. May 6, 2020), involving the same Plaintiff as the case at hand (Laufer), issued a *sua sponte* Memorandum-Decision and Order regarding Plaintiff's lack of standing, stating

"There are no facts in the Complaint or Plaintiff's affidavit indicating that she has ever traveled to Rensselaer, New York, or anywhere in New York, or that she has any reason to travel anywhere in New York or any reason to seek lodging anywhere in New York." *Id.* Doc #15 at p. 7. The court went on to say "the Court questions whether the Plaintiff has established standing, in accord with *Spokeo, Kreisler,* and *Deeper Life Christian Fellowship, Inc,* and thus whether the Court has subject matter jurisdiction over this action." *Id.* Doc #15 at p. 9.

Other courts have taken notice of Plaintiff's abuse of litigation as well. For example, in *Laufer v. 1110 Western Albany, LLC*, Case No. 1:19-cv-01324-BKS-ML, 2020 U.S. Dist. LEXIS 81128 (N.D.N.Y. May 7, 2020), the court issued an Order on May 7, 2020 noting that "Plaintiff Deborah Laufer, a Florida resident … has 29, nearly identical, cases pending against different defendants in the Northern District of New York." *Id.* Doc # 21 at p. 1. The court went on to find that, "[t]here appears to be a **serious question as to whether Plaintiff has established standing**, in this, or any of her other cases, and thus whether the Court has subject matter jurisdiction over these actions." *Id.* Doc # 21 at p. 2 (emphasis added). The court then ordered that Plaintiff to file briefs addressing whether she has standing in that case and 27 other cases filed by Plaintiff Laufer listed in the court's Exhibit A attached to the Order. *Id.* Doc # 21 at p. 2. Subsequent to that, the case was dismissed due to settlement. *Id.* Doc # 22, 23. Here too, the Court should question Plaintiff's standing, which in fact does not exist.

In New Jersey, The Hon. Renee Marie Bumb issued an Order to Show Cause in 3 very similar cases which were also brought by a serial ADA plaintiff who, while residing in Florida alleged violations on defendant's website reservations system. *Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06087-RMB-KMW (USDC DNJ), Doc # 4; *Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06088-RMB-KMW (USDC DNJ), Doc # 4; *Hernandez v.*

6

*Montego Bay Resort and Conference Center*, Case No. 1:19-cv-06091-RMB-AMD (USDC DNJ), Doc # 4. *See* Request for Judicial Notice ISO MTD, Exhibit 2. The Court's Order could easily be applied to this case by changing little more than the pronouns involved:

> An examination of the facts alleged in the complaints leads this Court to question **whether Plaintiff has established that he has suffered an injury in fact.** Plaintiff alleges that he "visited the Property's website for the purpose of reviewing an assessing the accessible features at the Property in order to ascertain whether it meets Plaintiff's individual disability needs[.]" (Complaints ¶ 30) The complaints do not plead how many times Plaintiff visited each website. Moreover, while Plaintiff pleads a laundry list of "disability accommodations" he was "unable to verify" "whether the Property contain[ed]," (Complaints ¶ 31), **the complaints do not even plead that Plaintiff, who "resides in Miami, Florida," (Complaints, ¶ 1) has any intention of visiting New Jersey, much less the specific properties identified in the complaints.** Rather, Plaintiff merely pleads in conclusory fashion that "Plaintiff intends to revisit Defendant's or Defendant's third-party agent's website and/or online reservation system in order to test it for compliance with 28 C.F.R. § 36.302(e)[2] and/or otherwise determine if the site provides enough information for Plaintiff to determine whether the site comes into compliance with the guidelines of the aforementioned law." (Complaints ¶ 39)
>
> **Thus, it does not appear that Plaintiff has pled an injury in fact.** In this regard, the Court finds this case analogous to *Murray v. Lifetime Brands, Inc.*, No. CV 16-5016, 2017 WL 1837855 (D.N.J. May 8, 2017). In that case, as here, the plaintiff's claim was premised on an "'unlawful denial of access to information subject to disclosure.'" Id. at *3 (quoting *In re: Nickelodian Consumer Privacy Litig.*, 827 F.3d 262, 273-74 (3d Cir. 2016)). In *Murray*, Judge Hillman held that the plaintiff had not established an injury in fact, explaining, "[c]ritically, what Murray fails to do, however, is identify the harm that resulted from allegedly not knowing what she asserts the [law] requires [defendant] to tell her." *Id.* at *4,

---

[2] The Court notes that 28 C.F.R. § 36.302(e) (1), which Plaintiff cites in his complaints, does not impose a specific duty on places of public accommodation to include descriptions of disability accommodations on their websites. The regulation merely requires that a place of public accommodation "[i]dentify and describe accessible features . . . in enough detail to permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. § 36.302(e) (1) (ii). The regulation is silent as to where or how a place of public accommodation must identify and describe its accessible features, and Plaintiff's complaints are silent in this regard.

> In this case, too, **Plaintiff fails to plead what actual, concrete harm he suffered, or will continue to suffer,** as a result of allegedly being unable to determine whether each property has disability accommodations that meet his needs.

*Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06087-RMB-KMW (USDC DNJ), Doc # 4 at p. 4-5 (emphasis added). The court then ordered that plaintiff show cause "why this case should not be dismissed for lack of Article III standing." *Id*. at p. 6. The defendant subsequently filed a motion to dismiss, and **the court issued an Order granting defendant's motion to dismiss for lack of subject matter jurisdiction**. *Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06087-RMB-KMW (USDC DNJ), Doc # 25. The same thing occurred in the second case, *Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06088-RMB-KMW (USDC DNJ), Doc # 24. In the third case, plaintiff filed a notice of voluntary dismissal, presumably acknowledging the lack of standing and jurisdiction. *Hernandez v. Montego Bay Resort and Conference Center*, Case No. 1:19-cv-06091-RMB-AMD (USDC DNJ), Doc # 5. Here too, the case lacks subject matter jurisdiction and the Complaint should properly be dismissed.

Here in the Seventh Circuit, courts have similarly taken issue with ADA cases lacking standing and jurisdiction. For example, in *Abreu v. Harold's Chicken Shack #60, LLC*, No. 2:16-CV-243-JD, Doc # 26 (N.D. Ind. Mar. 28, 2018), the plaintiff was a "resident of Palm Beach County, Florida" and visited the defendant's restaurant in Indiana on March 24, 2016. However, because the plaintiff was a Florida resident with no clear intention to return to the property in Indiana, the court raised the issue of standing and held that in the Seventh Circuit, courts have strict standing requirements for Title III ADA cases:

> However, the Seventh Circuit has made it clear that in order for the Court to have jurisdiction over this claim, Abreu must have standing to bring it. *Scherr v. Marriott Int'l, Inc.,* 703 F.3d 1069 ,

8

1073 (7th Cir. 2013) (addressing a claim under Title III of the ADA; "Standing to bring and maintain a suit is an essential component of this case-or- controversy requirement.

*Id.* at p. 2. *See* Request for Judicial Notice ISO MTD, Exhibit 3. The court in *Abreu* went on to find that, given the facts, it could not establish standing, particularly because of Abreu's lack of a credible intent to return to the restaurant:

> **However, the record is devoid of any evidence that would allow a reasonable inference that based on Abreu's single visit to Harold's, during a random trip from his residence in Florida, he intends to return to Harold's.** While Abreu generally asserted in his complaint that he intends to return to Harold's at some unknown point in the future as a customer and ADA tester, Harold's denies this point. Moreover, at no point does Abreu claim that he would visit Harold's but for the alleged ADA violations, and he does not even show an intent to return to the geographic area of Merrillville, Indiana (where Harold's is located), except to con rm ADA compliance. Accordingly, on the record before it, the Court is unable to reasonably infer, based on the non-existence of other past visits to the restaurant, Harold's living on the other side of the country, and his **unspecified vague assertion that he'll likely return at some point in the future**, that Abreu has established standing to pursue his claim for injunctive relief against Harold's.

*Id.* at p. 3 (emphasis added). The court, thus, struck both parties' motions for summary judgment and ruled that if plaintiff fails "to establish standing sufficient to secure this Court's jurisdiction, then the case will be subject to immediate dismissal." *Id.* at p. 4.

Here too, Plaintiff lacks a genuine intent to return to the property. Indeed, Plaintiff lacks even an "unspecified vague assertion that [s]he'll likely return at some point in the future," which would not suffice. Thus, Plaintiff lacks the requisite standing for the Court to have jurisdiction.

## IV. CONCLUSION

Plaintiff lacks standing in this case, and it is respectfully submitted that the Court accordingly lacks subject matter jurisdiction. This issue has been thoroughly explored by other

courts, including in dozens of cases involving this very Plaintiff, resulting in orders and dismissals for lack of jurisdiction. Thus, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice for lack of subject matter jurisdiction as well.

Dated:  October 7, 2020             Respectfully submitted,

**ESA P PORTFOLIO, L.L.C. D/B/A EXTENDED STAY AMERICA – ROLLING MEADOWS**

By: */s/ Sonya Rosenberg*
      SONYA ROSENBERG, ESQ.
      IL Bar No.: 6293663
      2 N. LaSalle, Suite 1700
      Chicago, Illinois 60602
      (312) 269-8000
      srosenberg@nge.com

      -and-

By: */s/ Martin Orlick*
      MARTIN H. ORLICK (*Pro Hac Vice Application to be filed*)
      Two Embarcadero Center, Fifth Floor
      San Francisco, CA 94111
      Telephone: 415-984-9667
      Facsimile: 415-398-5584
      morlick@jmbm.com

31176429.6

## **CERTIFICATE OF SERVICE**

The undersigned hereby declares that on this 7th day of October, 2020, a true and accurate copy of the foregoing was served via the court's Electronic Case Filing system on all counsel of record.

/s/ *Sonya Rosenberg*
Sonya Rosenberg